# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCIA LAUDE and THE ESTATE OF DONALD C. LAUDE,<br><br>    Plaintiffs,<br><br>and<br><br>ALEX M. AZAR, II and UNITED HEALTHCARE INSURANCE COMPANY,<br><br>    Involuntary Plaintiffs,<br><br>v.<br><br>SSC GREENFIELD OPERATING COMPANY LLC, ABC 1 – 5 INSURANCE COMPANIES, WISCONSIN HOLDCO LLC, DEF 1 – 5 INSURANCE COMPANIES, SAVASENIORCARE ADMINISTRATIVE SERVICES LLC, JKL 1 – 5 INSURANCE COMPANIES, SSC EQUITY HOLDINGS LLC, MNO 1 – 5 INSURANCE COMPANIES, MASTER TENANT PARENT HOLDCO LLC, GHI 1 – 5 INSURANCE COMPANIES, PQR 1 – 5 INSURANCE COMPANIES, STU 1 – 5 INSURANCE COMPANIES, VWX 1 – 5 INSURANCE COMPANIES, YZA 1 – 5 INSURANCE COMPANIES, SAVASENIORCARE CONSULTING LLC, SAVASENIORCARE LLC, PROTO EQUITY HOLDINGS LLC, and TERPAX INC.,<br><br>    Defendants. | Case No. 19-CV-783-JPS<br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

Donald Laude ("Donald") resided at Southpointe Healthcare Center ("Southpointe"), a nursing home, for a short-term rehabilitation stay in the summer of 2016. Plaintiffs, Donald's widow and his estate, allege that Defendants, the operators of Southpointe, failed to appropriately care for Donald during his stay. Plaintiffs contend that their inadequate care led to severe injuries for Donald and ultimately his death in April 2017.

Plaintiffs hired counsel intending to pursue Defendants for their wrongdoing. Through the summer and fall of 2018, Plaintiffs' counsel attempted to informally resolve Plaintiffs' claims. Plaintiffs say they were completely ignored by Defendants. Plaintiffs then filed this lawsuit in Milwaukee County Circuit Court on April 23, 2019. (Docket #1-1). Defendants were served and timely filed a notice of removal on May 24, 2019, invoking this Court's diversity jurisdiction. (Docket #1). Over the next month, Defendants filed some notices of appearance, a magistrate judge consent form, and a Rule 7.1 disclosure form.

On June 24, 2019, Defendants filed a motion to stay this action and compel Plaintiffs to arbitrate. (Docket #11). Defendants note that upon entering Southpointe, Donald signed a number of contracts, including a dispute resolution agreement which bound him to arbitrate any claims arising out of his stay at the facility. (Docket #11-1). Donald further agreed that his successors and his estate would, like him, be bound to arbitrate. *Id.*

Plaintiffs oppose Defendants' motion, but do not dispute the scope or the enforceability of the arbitration provision. Rather, their only argument is that Defendants have waived their right to enforce the arbitration provision by failing to do so in a timely fashion and by proceeding in a judicial forum. In this regard, the Seventh Circuit holds that

> [a] contractual right to arbitrate may be waived expressly or implicitly, and a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate. *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 757 (7th Cir. 2002). Courts must examine the totality of the circumstances and "determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Id.* (internal citation omitted). Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision—"did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Id.* (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir.1995)).

*Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004).

The mere filing of motions to dismiss or transfer do not operate to waive a right to arbitrate. *Id.* at 726–27. However, the passage of time combined with other factors may support a finding of waiver. In *Cabinetree*, the court found that a defendant waived by waiting nine months to file its motion to stay the case pending arbitration. *Cabinetree*, 50 F.3d at 391. During that time, trial was scheduled and discovery began. *Id.* At no point prior to the filing of its motion did the defendant raise the issue of arbitrability, including in its initial responses to the complaint in state and federal court. *Id.* at 390–91. Judge Adelman similarly found that a delay of three months, coupled with an answer which failed to raise arbitration as a defense, showed a lack of diligence warranting a finding of waiver. *Viking Packaging Tech., Inc. v. Prima Frutta Packing, Inc.*, 629 F. Supp. 2d 883, 885–87 (E.D. Wis. 2009).

Here, Plaintiffs observe a number of bases for waiver. First, they contend that Defendants could have communicated with them about the arbitration agreement during the pre-suit "negotiations," such as they were. Second, Defendants did not raise the arbitration issue immediately in state court, but instead chose to remove the case. Finally, Defendants filed a number of documents in this Court and waited until a month after removal to file their motion to stay.

The Court is not persuaded that any of these factors, alone or in combination, constitute a waiver of Defendants' right to arbitrate. During the pre-suit negotiations, Defendants were not presented with any violation of the arbitration provision, and so cannot be faulted for failing to inform Plaintiffs of its existence. Though Defendants could have filed the instant motion in state court, they had a statutory right to removal and exercised it promptly. The Court will not punish them for doing so. *See id.* at 886 ("[T]here are legitimate reasons for removing a case prior to answering and demanding arbitration. For example, a defendant might prefer to have the federal court evaluate its request for arbitration rather than the state court.").

Thus, the Court is left with the one-month delay between removal and the filing of the motion to stay. This period certainly could have been shorter, but it is not so extended as to be inconsistent with Defendants' arbitration rights. Further, the fact that the period was interspersed with a few clerical filings by Defendants does not mean that they chose a judicial forum, as would be the case if they filed a lawsuit or silently acquiesced to months of litigation. Finally, unlike the *Viking* defendant, Defendants did not omit the arbitration issue from any response to Plaintiffs' complaint. Their first and only response has been the motion to stay. Indeed,

Defendants have endeavored to preserve the issue by noting it in the parties' Rule 26(f) report, (Docket #13), and at the June 27, 2019 scheduling conference, (Docket #14).

In sum, the Court finds that the arbitration provision Donald agreed to applies to the claims in this action, and that Defendants have not waived their right to enforce it. The Court will, therefore, grant Defendants' motion and compel Plaintiffs to arbitrate. Rather than stay the action, however, the Court will dismiss it. Should Plaintiffs persuade the arbitrator that the arbitration provision is unenforceable, or that arbitration is not appropriate for some other reason, they may return to court. Until then, they are bound by the agreement Donald made with Southpointe.

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay and compel arbitration (Docket #11) be and the same is hereby **GRANTED in part**;

**IT IS FURTHER ORDERED** that Plaintiffs are compelled to arbitrate their claims in this action with Defendants in accordance with the terms of the Dispute Resolution Program Agreement (Docket #11-1); and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge