UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCIA LAUDE and THE ESTATE OF DONALD C. LAUDE,<br><br>        Plaintiffs,<br><br>v.<br><br>ALEX M. AZAR, II and UNITED HEALTHCARE INSURANCE COMPANY,<br><br>        Involuntary Plaintiffs,<br><br>v.<br><br>SSC GREENFIELD OPERATING COMPANY LLC, ABC 1–5 INSURANCE COMPANIES, WISCONSIN HOLDCO LLC, DEF 1–5 INSURANCE COMPANIES, SAVASENIORCARE ADMINISTRATIVE SERVICES LLC, JKL 1–5 INSURANCE COMPANIES, SSC EQUITY HOLDINGS LLC, MNO 1–5 INSURANCE COMPANIES, MASTER TENANT PARENT HOLDCO LLC, GHI 1–5 INSURANCE COMPANIES, PQR 1–5 INSURANCE COMPANIES, STU 1–5 INSURANCE COMPANIES, VWX 1–5 INSURANCE COMPANIES, YZA 1–5 INSURANCE COMPANIES, SAVASENIORCARE CONSULTING LLC, SAVASENIORCARE LLC, PROTO EQUITY HOLDING LLC, and TERPAX INC.,<br><br>        Defendants. | Case No. 19-CV-783-JPS<br><br>**ORDER** |

        This personal injury case arises from Donald Laude ("Donald")'s short-term rehabilitation stay at a nursing home in the summer of 2016.

Plaintiffs, Donald's widow and estate, allege that Defendants, the operators of the nursing home, failed to adequately care for Donald, resulting in severe injuries and, ultimately, his death. The case was originally filed in Milwaukee County Circuit Court; on May 24, 2019, it was removed to federal court pursuant to 28 U.S.C. §§ 1332, 1441. A month later, Defendants filed a motion to stay the action and compel arbitration. (Docket #11). The Court granted in part the motion to stay and compel arbitration, ordered the parties to arbitrate according to the terms set forth in the arbitration agreement (Docket #1-11), and dismissed the case without prejudice. (Docket #20 at 5). The order explained that Plaintiffs could return to federal court if arbitration proved inappropriate for some reason. (*Id.*)

Now, nearly two years later, Plaintiffs seek relief from the Court's order and judgment pursuant to Federal Rule of Civil Procedure 60(b). Specifically, they seek relief from the order to compel arbitration so that they may pursue their case in federal court. For the reasons explained below, the Court will grant the motion, reopen the case, schedule a conference pursuant to Federal Rule of Civil Procedure 16, and order Defendants to respond to the initial complaint.

Federal Rule of Civil Procedure 60(b) provides that

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Motions brought under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). The instant motion falls under Rule 60(b)(6)'s "catch all" provision, which requires movants to "prove extraordinary circumstances for relief from judgment." *Indus. Assoc., Inc. v. Goff Corp.*, 787 F.2d 268, 269 (7th Cir. 1986); *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 682–83 (7th Cir. 1983) (declining to set aside an arbitration award pursuant to Rule 60(b) where there was no evidence that an arbitrator's previous relationship with a party "created a substantial danger of an unjust result.").

The crux of Plaintiffs' argument is that, after moving to compel arbitration, Defendants have "intentionally kept this case in legal limbo, outside the jurisdiction of any court or arbitrator," by refusing to engage in good faith in arbitration discussions. (Docket #22 at 6). Defendants never filed a response. It is well-settled in this circuit that a failure to make an argument constitutes waiver. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (noting that waiver also results when "a litigant effectively abandons the litigation by not responding" to an argument). The Court accepts Plaintiffs' argument that extraordinary circumstances exist where Defendants move to compel arbitration over Plaintiffs' objection, then refuse to arbitrate for thirteen months, leaving Plaintiffs without a remedy.

Additionally, Plaintiffs argue that Defendants have now waived their right to arbitrate. Plaintiffs initially raised this argument in their

opposition to Defendants' motion compel arbitration. (Docket #16). At the time, the Court did not find these arguments persuasive. (Docket #20 at 4–5). However, in light of the intervening months and Defendants' lack of diligence in arbitrating the claims, the Court will revisit the issue.

Federal courts strongly favor arbitration provisions; however, "a contractual right to arbitration can be waived." *Kawasaki Heavy Indus., Ltd. v. Bombardier Rec. Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587 (7th Cir. 1992)). This waiver may be express or implied. (*Id.*) To infer an implied waiver of the right to arbitrate, the Court must find that, "considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate." (*Id.*) (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). Courts may consider multiple factors in determining waiver; however, "diligence or the lack thereof should weigh heavily in the decision." (*Id.*) (citing *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)). The Seventh Circuit does not require a showing of prejudice by the non-waiving litigant, though prejudice may be considered in the totality of circumstances. (*Id.*)

This case presents a novel set of facts: Defendants, at least initially, demonstrated an intent to arbitrate. As the Court discussed in its earlier Order, while Defendants did not raise the issue of arbitration in pre-suit negotiations, they nevertheless evinced an intent to arbitrate by filing a motion to stay and compel arbitration within one month of removing the case to federal court, as was their statutory right. *See* (Docket #20 at 4–5). This was their first and only response to Plaintiffs' complaint, and, given the totality of circumstances, was sufficient to show an intent to arbitrate in the summer of 2019. (*Id.*)

Page 4 of 7
Case 2:19-cv-00783-JPS   Filed 06/15/21   Page 4 of 7   Document 23

Twenty-two months later, the totality of circumstances has decidedly changed. In their most recent filing, Plaintiffs describe a series of attempted communications with Defendants suggesting that Defendants do not have any interest in dealing with Plaintiffs—in arbitration, or at all. Plaintiffs initiated contact with Defendants to arbitrate this issue at least eighteen times in a year-long period. (Docket #22-1). Though Defendants were always slow to answer, their arbitration correspondence markedly deteriorated after one unsuccessful mediation on February 25, 2020. Over the following two months, Plaintiffs contacted Defendants five times before Defendants' attorney finally responded, on April 23, 2020, to say that he was waiting to hear back from his clients. Defendants were then radio silent for the month of May, despite Plaintiffs' two follow-up emails.

On June 5, 2020, Defendants' attorney finally responded to a communication sent by Plaintiffs on June 4, 2020, regarding possible arbitrators. Defendants suggested four potential arbitrators; Plaintiffs promptly indicated that one of the four suggested arbitrators was acceptable. Again, Defendants went silent until July 21, 2020, when Defendants' attorney said he wanted Plaintiffs' attorney to suggest additional arbitrators. That same day, Plaintiffs' attorney responded with three additional potential arbitrators; Defendants' attorney said he would respond within the week, and never did. On September 1, 2020, Plaintiffs filed the instant motion for relief from judgment.

It is very clear from the course of events that Defendants do not wish to arbitrate this issue, much less deal with Plaintiffs at all. Defendants habitually ignored Plaintiffs' emails and phone calls; neglected to select an arbitrator despite Plaintiffs' multiple efforts to agree on one; and failed to even attempt to reschedule the matter for mediation over six months after

Page 5 of 7
Case 2:19-cv-00783-JPS   Filed 06/15/21   Page 5 of 7   Document 23

the first mediation proved unsuccessful. Plaintiffs made prompt, regular, and good faith attempts to move the arbitration process forward. Their efforts were met with delayed indecisiveness bordering on apathy.

Defendants have impliedly waived their rights to arbitrate by repeatedly snubbing Plaintiffs' efforts to arbitrate the matter for well over a year. Defendants' utter lack of diligence in pursuing arbitration "weigh[s] heavily" in the Court's decision. *Kawasaki*, 660 F.3d at 994. Defendants may not compel arbitration and then avoid it for over a year, leaving Plaintiffs without a remedy for their alleged injury—Plaintiffs' case has now gone unresolved for two years since it was first filed, with no end in sight. It is time for the parties to put the pedal to the metal. This matter will be set for a scheduling conference pursuant to Federal Rule of Civil Procedure 16.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for relief from judgment (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the judgment entered on July 31, 2019 (Docket #21) be and the same is hereby **VACATED;**

**IT IS FURTHER ORDERED** that Defendants respond to the complaint on or before **July 6, 2021**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby scheduled for a telephonic conference pursuant to Federal Rule of Civil Procedure 16 on **Thursday, July 8, 2021 at 8:30 AM**. The Court will initiate the call; counsel shall notify chambers of the direct telephone number at which they may be reached no later than 12:00 PM the day prior to the hearing.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge